IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE



FILED
MAR 17 2020
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIMBERLY ANN FORCE,<br><br>Defendant. | CR 12–05–BU–DLC<br><br>ORDER |

On October 25, 2012, this Court sentenced Defendant Kimberly Ann Force ("Force") to 84 months imprisonment, to be served concurrently to a state court sentence and followed by a supervised release term of four years. (Docs. 34; 37; *see also* Doc. 46 (reducing custodial sentence to 77 months).) Force was released from prison and began her supervised release term on March 10, 2017. After serving 34 months of her 48-month term of supervised release, Force now moves the Court for early termination pursuant to 18 U.S.C. § 3583(e)(1). (Doc. 52.)

Force represents that the United States Probation Office supports early termination, stating that Force "has never been an issue." (Doc. 52 at 2.) And, while Force warns that the United States opposes early termination based on an

-1-

outstanding warrant from Colorado (Doc. 53 at 12), nearly three weeks have passed without a responsive brief indicating as much from the Government.

After a defendant has served one year of supervised release, a court may terminate supervision early after considering factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(1). Under § 3553(a), relevant factors include the characteristics of the defendant, and whether the sentence has served to rehabilitate her.

Here, Force's personal characteristics and her rehabilitation under the eye of the United States Probation Office counsel in favor of granting her motion. Since her release from prison, Force has fully complied with all thirteen standard conditions and nine special conditions of her supervision. (Doc. 53 at 5.) Indeed, and as noted already, the United States Probation Office indicates that she is doing well and has caused no issues. (Doc. 52 at 2.) And, not unrelated to her notable lack of violations, Force has proactively maintained her sobriety for nearly nine years. (Doc. 53 at 11.) Furthermore, Force has held steady employment and even earned a promotion. (*Id.*) She is successfully raising her young grandchildren and paying her bills. (*Id.*) The Court agrees with her counsel that Force is a supervised release success story, and that she poses no risk to public safety.

Noting the lack of any filed objection by the Government, the Court does not construe the outstanding Colorado warrant as a barrier to early termination in Force's case. She represents that her efforts to quash or dismiss the warrant remotely have been unsuccessful, and that she currently cannot afford to travel to Colorado to seek local counsel and address the court in person. The Court is satisfied that when Force is financially able, she will prioritize clearing her record in Colorado.

Accordingly, IT IS ORDERED that Force's motion (Doc. 52) is GRANTED. The term of four years supervised release imposed by the October 25, 2012 Judgment (Doc. 34 (*see also* Docs. 37; 46)) is TERMINATED as of the date of this Order. Force is hereby DISCHARGED from the supervised release in this case.

DATED this 17th day of March, 2020.

Dana L. Christensen, Chief Judge
United States District Court